IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SAMUEL LOGAN MASON | § § | CAUSE NO. 6:10cv372 |
| Plaintiff | § § | |
| v. | § § | JUDGE _____ |
| RUSK COUNTY, TEXAS | § § | JURY DEMANDED |
| and | § | |
| DANNY R. PIRTLE, Sheriff, sued | § | |
| in his Individual and Official Capacities | § § | |
| Defendants | § § | |

## COMPLAINT

Comes now Plaintiff Samuel Logan Mason, by counsel, who for his Complaint states as follows:

### I

### Preliminary Statement

1. This case arises out of the rape of Plaintiff Mason during the early morning hours of November 14, 2009 while he was incarcerated in the Rusk County Jail. Plaintiff Mason was 17 years old at the time of the rape.

2. Plaintiff Mason commences this action pursuant to 42 U.S.C. §1983 which provides in relevant part for redress for every person within the jurisdiction of the United States for the deprivation, under color of state law, of any rights, privileges, or immunities secured by the Constitution and laws.

3. Specifically, Plaintiff Mason contends that he was brutally raped while detained in the Rusk County Jail because of Defendants' conscious disregard of and deliberate indifference to Plaintiff Mason's obvious rights and safety in violation of Plaintiff Mason's

substantive due process rights under the Fourteenth Amendment to the United States Constitution.

4.     Plaintiff Mason seeks compensatory and punitive damages (punitive damages can never be awarded against a County) together with a reasonable attorney fee as authorized by 42 U.S.C. § 1988.

## II

## Jurisdiction

5.     Jurisdiction over Plaintiff Mason's constitutional claim for which redress is provided by 42 U.S.C. §1983 is conferred on this Court by 28 U.S.C. §1343(a)(3).  Federal question jurisdiction is also conferred on this Court by 28 U.S.C. §1331 because this action arises under the United States Constitution.

6.     Plaintiff Mason asserts her state law claim under this Court's pendent jurisdiction as expanded by 28 U.S.C. §1367.

## III

## Parties

### Plaintiffs

7.     Plaintiff Samuel Logan Mason is a citizen of the United States and a resident of Rusk County, Texas.

### Defendants

8.     Defendant Rusk County, Texas is a county located within the boundaries of the Eastern District of Texas.  It is the responsibility of Defendant Rusk County to promulgate policies and procedures to insure that citizens incarcerated in the Rusk County Jail are not

treated with a conscious disregard of and deliberate indifference to their rights and safety. It is also the responsibility of Defendant Rusk County to safely house inmates. It is also the responsibility of Defendant Rusk County to insure that all deputies and jailers perform their duties in accordance with minimum constitutional, statutory, and departmental requirements.

9. Defendant Sheriff Danny R. Pirtle is a resident of Rusk County, Texas. Defendant Sheriff Danny R. Pirtle is and was at all times relevant hereto the chief law enforcement officer of Defendant Rusk County. It is the responsibility of Defendant Sheriff Pirtle to promulgate policies and procedures to insure that all persons incarcerated in the Rusk County Jail are not treated in conscious disregard of and with deliberate indifference to their rights and safety.

## IV

## Facts

**Background**

10. Plaintiff Mason was a 17 year old pre-trial detainee at all times relevant hereto.

11. Despite the fact that Plaintiff Mason is just over six feet tall, he only weighs approximately 135 pounds and has a long history of significant mental illness and medical issues. When Plaintiff Mason was five years old he was diagnosed with Attention Deficit Disorder and bi-polar (together with depression) and he continues to receive treatment for same.

12.     Plaintiff Mason was sent to the Rusk County Jail on or about November 4, 2009 after he was charged with stealing a Polaris Ranger from a neighbor that got stuck in the mud (theft of vehicle) and refusing to get off of a John Deere Gator after being told to to do so at school (unauthorized used of motor vehicle).

13.     Plaintiff Mason was held in the J Tank with several other inmates.  There were more inmates than bunks and the newest inmate had to sleep on the floor.

14.     Inmates were improperly classified and scant attention was paid to whether the inmate was a dangerous convicted felon or a pre-trial detainee.

15.     Rapist Clarence Thompson was brought into the Rusk County Jail on or about November 11, 2009.  Rapist Thompson is a bad man who bragged to cell mates that he liked to have sex with young boys before he raped Plaintiff Mason.

16.     Inmates were not properly supervised and protected at the time of the rape.

17.     Rapist Thompson was not kept separate from other inmates until after the rape.

**What Happened**

18.     Rapist Thompson forcibly raped Plaintiff Mason during the early morning hours of November 14, 2009.

19.     There was a blanket put up outside the toilet by inmates for privacy.  Rapist Thompson entered the area while Plaintiff Mason was using the bathroom and took Plaintiff Mason to the shower area where Rapist Thompson put his hand over Plaintiff Mason's mouth and forcibly raped him.  Rapist Thompson also threatened to kill Plaintiff Mason if he made an outcry.

20.     The horrible ordeal lasted a very short time before Rapist Thompson ejaculated at which time Rapist Thompson removed his hand from over Plaintiff Mason's mouth.

**Defendants Rusk County and Sheriff Pirtle's Liability**

21.     Defendants had the ability and duty to prevent the rape of Plaintiff Mason, but failed to do so.  Defendants demonstrated a conscious disregard for, and deliberate indifference to, the safety provided to Plaintiff Mason.

22.     Defendants Rusk County and Sheriff Pirtle's conscious disregard of and deliberate indifference to Plaintiff Mason's obvious need for protection and safety as set out above were in compliance with Defendants Rusk County and Sheriff Pirtle's deficient actual policies, procedures and customs relating to the housing of inmates.

23.     Defendants Rusk County and Sheriff Pirtle provided deputies and jailers with too broad discretion in classifying, assigning and supervising inmates in conscious disregard of and with deliberate indifference to their needs and it was foreseeable that these deficient actual policies, procedures, practices and customs would result in rapes.  The grossly inadequate classification, assignments, and supervision of inmates is a producing and proximate cause of Plaintiff Mason's damages.

24.     Defendants Rusk County and Sheriff Pirtle breached their duty to provide individual deputies and jailers with adequate supervision.  The jailers breached their duty to provide the inmates with adequate supervision.  The grossly inadequate supervision resulted from and was caused by Defendants Rusk County and Sheriff Pirtle's conscious disregard of and deliberate indifference to the inmates' obvious need to be housed safely and to be protected from harm.  The grossly inadequate supervision is a producing and proximate cause of Plaintiff Mason's damages.

**Damages**

25.     Defendants' acts and omissions were the direct and foreseeable proximate cause of the rape and resulting damages suffered by Plaintiff Mason including physical pain and suffering, mental pain and suffering, emotional distress, terror and medical bills.

26.     Defendant Sheriff Pirtle's acts and omissions complained of herein were reckless, intentional and wanton rendering appropriate the award of punitive damages against Defendant Sheriff Pirtle in his individual capacity.

**Miscellaneous**

27.     Defendants Rusk County and Sheriff Pirtle acted under color of state law at all times relevant hereto.

**V**

**Causes of Action**

**First Cause of Action**

28.     Defendants' acts and omissions in creating the intolerable jail conditions set out above deprived Plaintiff Mason of substantive due process to the extent that Plaintiff Mason was a pre-trial detainee in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution made applicable to Defendants by the Fourteenth Amendment to the United States Constitution for which redress is provided by 42 U.S.C §1983.

29.     Defendant Sheriff Pirtle is liable for punitive damages, in his individual capacity, because his acts and omissions complained of herein were reckless, intentional and wanton.

## **Second Cause of Action**

30. Defendants' acts and omissions in creating the intolerable jail conditions set out above amount to cruel and unusual punishment to the extent that Plaintiff Mason was a convicted detainee in violation of rights guaranteed to Plaintiff Mason by the United States Constitution made applicable to Defendants by the Eighth Amendment to the United States Constitution for which redress is provided by 42 U.S.C §1983.

31. Defendant Sheriff Pirtle is liable for punitive damages, in his individual capacity, because his acts and omissions complained of herein were reckless, intentional and wanton.

## **VI**

## **Jury Demand**

32. Plaintiff Mason demands a trial by jury on all issues so triable.

WHEREFORE PLAINTIFF PRAYS that this Honorable Court:

a. Enter judgment in behalf of Plaintiff Samuel Logan Mason against Defendants Rusk County and Sheriff Danny R. Pirtle, jointly and severally, for compensatory damages in an amount sufficient to fully and completely compensate Plaintiff Mason for his actual damages proximately caused by Defendants;

b. Enter judgment in behalf of Plaintiff Samuel Logan Mason against Defendant Sheriff Danny R. Pirtle, in his individual capacity, separately, for punitive damages in an amount sufficient to punish Defendant Sheriff Danny R. Pirtle for his misconduct in this case and in an amount sufficient to deter Defendant Sheriff Danny R. Pirtle and others from doing the same thing to someone else;

c. Grant Plaintiff Samuel Logan Mason a reasonable attorney fee and his costs herein expended as authorized by 42 U.S.C. §1988;

d. Grant Plaintiff Samuel Logan Mason a trial by jury on all issues so triable; and

    e.       Grant Plaintiff Samuel Logan Mason any and all additional relief for which he may appear to be entitled, including pre-judgment interest, post-judgment interest and his costs herein expended.

Respectfully Submitted,

/s/ *Curtis B. Stuckey*
Curtis B. Stuckey
Attorney in Charge for  Plaintiff Mason
Bar Card No. 19437300

Stuckey, Garrigan & Castetter Law Offices
2803 C North Street
P.O. Box 631902
Nacogdoches, Texas 75963-1902
(936) 560-6020 FAX: 560-9578
tonitomlin@yahoo.com